

U.S. Department of Justice

United States Attorney
Eastern District of New York

RTP:NR
F. #2017R00577

271 Cadman Plaza East
Brooklyn, New York 11201

February 18, 2019

By ECF

The Honorable Pamela K. Chen
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Michael Foder
                Criminal Docket No. 18-97 (PKC)

Dear Judge Chen:

      The government respectfully submits this letter in connection with the sentencing of the defendant Michael Foder.  On August 3, 2018, the defendant pleaded guilty to Count One of the Indictment in the above-referenced case, which charged him with making false statements in a federal criminal proceeding, in violation of 18 U.S.C. § 1623.  The defendant is scheduled to be sentenced on February 25, 2019 at 12:00 p.m.  For the reasons set forth below, the government respectfully submits that the defendant should be sentenced to a term of incarceration that reflects the serious nature of his criminal conduct and that will deter others from committing similar crimes.

I.    Background

    A.    Offense Conduct and the Indictment

      In 2008, the defendant began his career as an officer with the New York City Police Department ("NYPD").  (Presentence Report, dated October 18, 2018 ("PSR") at ¶ 54.)  In October 2015, the defendant was serving in Brooklyn's 70th Precinct, assigned to the Detective Squad as part of two-year probationary period, prior to being promoted to the rank of detective.  (Id.)

      As part of his duties on the 70th Precinct Detective squad, the defendant was assigned to investigate a gunpoint carjacking of an Uber driver committed by three individuals.  (PSR ¶¶ 9-10).  One individual was identified almost immediately, while the

The Honorable Pamela K. Chen
February 18, 2019
Page 2

other two suspects were purportedly identified in photographic arrays conducted in November 2015 and February 2016, respectively. (PSR ¶¶ 11-12); (Third Addendum to PSR at 1).

Ultimately, three individuals were arrested and indicted on federal criminal charges by the United States Attorney's Office for the Eastern District of New York. In connection with that prosecution, each of the defendants sought to suppress the carjacking victim's identification of him. As a result, the defendant was called to testify, under oath, at a suppression hearing held before the Honorable Edward R. Korman on December 29, 2016. (PSR ¶¶ 4-5).

During that hearing, the defendant falsely testified about the timing and manner of both the identification of the second suspect (which purportedly occurred on November 27, 2015) and the third suspect (which purportedly occurred on February 14, 2016)(PSR ¶ 6). In fact, the audit trail for the NYPD's photo array database makes clear that no such arrays were administered on those dates and that the defendant's paper work documenting those arrays had been falsified. (PSR ¶¶ 6-13).

Notably, the defendant submitted his documentation relating to the November 2015 and February 2016 arrays to the United States Attorney's Office so that they could be provided to defense counsel in the carjacking case – in spite of the defendant's knowledge that the documentation was fraudulent. Further, the defendant met with the assigned Assistant United States Attorney in advance of the suppression hearing to prepare for his testimony, and failed to disclose that the documentation he had provided was false. (Third Addendum to PSR).

Shortly after the suppression hearing, the assigned Assistant United States Attorney identified the discrepancies in the photo array documentation and alerted defense counsel. Ultimately, as a result of the defendant's false testimony, the government sought to dismiss all charges relating to the carjacking with respect to each of the three charged defendants.

II.     Argument

For the reasons that follow, the Court should sentence the defendant to a term of incarceration that is sufficient, but not greater than necessary, to meet the goals of sentencing.

A.     Legal Standard

Sentencing courts have the authority to fashion a reasonable and appropriate sentence in each case. In so doing, a sentencing court must consider the Guidelines in formulating such a sentence. United States v. Booker, 543 U.S. 220, 259-62 (2005).

The Honorable Pamela K. Chen
February 18, 2019
Page 3

The "Guidelines should be the starting point and the initial benchmark" when fashioning a sentence. Gall v. United States, 552 U.S. 38, 49 (2007). Next, a sentencing judge should consider all of the factors in 18 U.S.C. § 3553(a) to determine the appropriate sentence in each case. Id. at 49-50. Those factors include, among other things, the nature and circumstances of the offense; the history and characteristics of the defendant; and the need for the sentence imposed to reflect the seriousness of the offense, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant.

      B.      The Applicable Guidelines Range

The parties are in agreement that the Total Offense Level applicable is level 14 which, assuming the defendant falls within Criminal History Category 1, results in an advisory range of incarceration of 15-21 months.

For the reasons set forth in the government's January 4, 2019 letter to the Probation Department, the government does not believe, as does the Probation Department, that an additional two-level enhancement for abuse of trust under Section 3B1.3 of the Guidelines is applicable in this case.

      C.      Section 3553(a) Analysis

For the reasons set forth below, a consideration of the sentencing factors set forth in Title 18, United States Code, Section 3553(a) supports imposition of a term of incarceration.

      1.      Nature and Circumstances of the Offense

In his February 15, 2019 submission to the Court ("Def. Memo"), the defendant frames his conduct in his falsifying of NYPD records and subsequent perjurious testimony as the product of panic and incompetence. (Def. Memo at 10). He notes that his actions were a "grave mistake." (Def. Memo at 20).

But characterizing his conduct in this way masks a more simple truth. The defendant had been a NYPD police officer for more than seven years when he created the false photo array documentation. He had been a NYPD officer for more than eight years when he perjured himself in Judge Korman's courtroom. He was being asked to fulfill the most basic and most essential task that can be asked of any law enforcement officer: be honest about your conduct and your investigation. When a law enforcement officer commits perjury, as the defendant did here, he undermines the integrity of the criminal justice system and places the public at risk by possibly allowing individuals who have committed crimes to go unpunished because of law enforcement's misconduct. Alternatively, such an officer risks contributing to an innocent person being wrongly convicted.

The Honorable Pamela K. Chen
February 18, 2019
Page 4

Here, the defendant's decision to perjure himself is made all the more troubling because of the myriad of opportunities he had to correct his original misconduct. He could have called the victim for another set of arrays. He could have informed agents who took over the federal case that the initial arrays could not be relied upon so that they could, if appropriate, find other ways to investigate and prosecute the case.[1] He could have informed the prosecutor in advance of the suppression hearing that his array documentation was false and thus that he could not truthfully testify about it. The defendant did none of these things. As a result, the government could not proceed with the charges against these individuals, and a blow was dealt to the public's faith and trust in law enforcement. Accordingly, the serious nature of the defendant's offense weighs in favor of a sentence of incarceration.

2. History and Characteristics of the Defendant

The defendant's sentencing submission and supportive letters reflect that he has a strong positive impact on his family and friends alike. See 18 U.S.C. § 3553(a)(1). This makes the offense conduct here all the more troubling. While the defendant was new to the Detective Squad in October 2015, he was not a new NYPD officer. Between the NYPD and his prior job, he had been in law enforcement for more than a decade. He, better than others, knew the consequences of giving perjurious testimony. In short, the defendant should have and, indeed, must have known better.

3. Need to Promote Respect for the Law, Provide
Just Punishment and Afford Adequate Deterrence

A sentence to a period of incarceration would be sufficient, but not greater than necessary, to meet the goals of sentencing. As discussed above, such a sentence is appropriate, particularly given the nature of the criminal conduct. Further, it will serve the goals of specific and general deterrence. See 18 U.S.C. § 3553(a)(2).

Our criminal justice system only functions properly when those who testify take seriously the oath to tell the truth. The expectation that law enforcement officials will be truthful is even more central to the fair administration of justice. Here, the defendant's decision to commit perjury, despite having served for years as an NYPD officer is particularly troubling. As such, a term of incarceration will promote a respect for the law that the defendant's conduct revealed was absent and will have a meaningful deterrent effect. While the defendant is no longer in law enforcement, a custodial sentence will make clear to other individuals, in law enforcement or otherwise, that coming before a court and making intentionally false statements will be met with significant consequences.

---

[1] Indeed, the government was able to develop other evidence tying all three of the charged defendants to the carjacking, making the defendant's actions all the more inexplicable.

The Honorable Pamela K. Chen
February 18, 2019
Page 5

### III.   Conclusion

       For the foregoing reasons, the government respectfully submits that the Court should impose a sentence on Michael Foder that is sufficient, but not greater than necessary, to meet the ends of justice.

                                                            Respectfully submitted,

                                                           RICHARD P. DONOGHUE
                                                           United States Attorney

                                    By:    /s_____
                                                           Nathan Reilly
                                                           Assistant U.S. Attorney

cc:     James Moschella, Esq. (by email and ECF)
          Clerk of the Court (PKC) (by ECF)